JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

**APPENDIX H**

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provic by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiati he civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS** JOSEPH CALVO

**DEFENDANTS** TORRES CREDIT SERVICES, INC.

**(b)** County of Residence of First Listed Plaintiff PHILADELPHIA
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant CUMBERLAND
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number) Cary L. Flitter, Esq., and Andrew M. Milz, Esq., Flitter Lorenz, P.C., 450 N. Narberth Avenue, Suite 101, Narberth, PA 19072, (610) 822-0782

Attorneys (If Known)

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

PERSONAL INJURY
- ☐ 362 Personal Injury - Med. Malpractice
- ☐ 365 Personal Injury - Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 444 Welfare
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 440 Other Civil Rights

**PRISONER PETITIONS**
- ☐ 510 Motions to Vacate Sentence

Habeas Corpus:
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**FORFEITURE/PENALTY**
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 R.R. & Truck
- ☐ 650 Airline Regs.
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt.Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☒ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900Appeal of Fee Determinatior Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes

**V. ORIGIN** (Place an "X" in One Box Only)

☒ 1 Original Proceeding ☐ 2 Removed from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district (specify) ☐ 6 Multidistrict Litigation ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION**

Cite the U.S. Civil Statute under which you are filing **(Do not cite jurisdictional statutes unless diversity):**

Brief description of cause: TCPA, 47 U.S.C. § 227

**VII. REQUESTED IN COMPLAINT:** ☐ CHECK IF THIS IS A **CLASS ACTION** UNDER F.R.C.P. 23 **DEMAND $** CHECK YES only if demanded in complaint **JURY DEMAND:** ☒ Yes ☐ No.

**VIII. RELATED CASE(S) IF ANY** (See instructions): JUDGE DOCKET NUMBER

DATE 8/28/13 SIGNATURE OF ATTORNEY OF RECORD [signature]

FOR OFFICE USE ONLY

RECEIPT # AMOUNT APPLYING IFP JUDGE MAG. JUDGE

UNITED STATES DISTRICT COURT APPENDIX F

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.**

Address of Plaintiff: 2618 Oakford Street, Philadelphia, PA 19146

Address of Defendant: 27 Fairview Street, Carlisle, PA 17015

Place of Accident, Incident or Transaction: 2618 Oakford Street, Philadelphia, PA 19146

*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock? (Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a)) Yes ☐ No ☒

Does this case involve multidistrict litigation possibilities? Yes ☐ No ☒

*RELATED CASE, IF ANY:*

Case Number: ______ Judge ______ Date Terminated: ______

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court? Yes ☐ No ☒
2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court? Yes ☐ No ☒
3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court? Yes ☐ No ☒

CIVIL: (Place ☒ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☒ All other Federal Question Cases
    (Please specify) TCPA, 47 U.S.C. § 227

B. *Diversity Jurisdiction Cases:*

1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability (Asbestos)
9. ☐ All other Diversity Cases
    (Please specify)

## ARBITRATION CERTIFICATION

*(Check appropriate Category)*

I, ______________________, counsel of record do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought

**DATE:** ______ ______ Attorney-at-Law ______ Attorney I.D.

**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

**I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.**

**DATE:** 8/28/13 [signature] Attorney-at-Law 35047 Attorney I.D.

CIV.609 (4/03)

**APPENDIX I**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**CASE MANAGEMENT TRACK DESIGNATION FORM**

| | | |
|---|---|---|
| JOSEPH CALVO | : | CIVIL ACTION |
| v. | : | |
| TORRES CREDIT SERVICES, INC. | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. §2241 through §2255. ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2. ( X )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos. ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases) ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks. ( )

| 8/28/13 | [signature] | |
|---|---|---|
| **Date** | **Attorney at Law** | **Attorney for Plaintiff** |
| (610) 822-0782 | (610) 667-0552 | cflitter@consumerslaw.com |
| **Telephone** | **Fax Number** | **E-Mail Address** |

(Civ.660) 10/02

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| JOSEPH CALVO<br>2618 Oakford Street<br>Philadelphia, PA 19146<br>Plaintiff | CIVIL ACTION |
| vs. | NO. |
| TORRES CREDIT SERVICES, INC.<br>27 Fairview Street<br>Carlisle, PA 17015-3121<br>Defendant | |

# COMPLAINT

## I. INTRODUCTION

1. This is an action for damages brought by an individual consumer for violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 (hereinafter "TCPA") and Fair Debt Collection Practices Act, 15 U.S.C. §1692 ("FDCPA").

2. The TCPA broadly prohibits any person from placing calls using an automated telephone dialing system or artificial or prerecorded voice to a cellular phone. The FDCPA prohibits misleading and harassing conduct in the effort to collect a debt.

3. Defendant harassed Plaintiff with repeated autodialed collection calls to Plaintiff's cell phone, in violation of the TCPA and FDCPA.

## II. JURISDICTION AND VENUE

4. This Court has federal question subject matter jurisdiction over Plaintiff's TCPA and FDCPA claims pursuant to 28 U.S.C. § 1331; *Mims v. Arrow Fin. Ser., Inc.*, 132 S.Ct. 740 (2012).

5. Venue in this Court is proper in that Plaintiff resides here, the conduct complained of occurred here, and the Defendant transacts business here.

## III. PARTIES

6. Plaintiff Joseph Calvo is a natural person residing in Philadelphia, PA with a mailing address as captioned.

7. Defendant Torres Credit Services, Inc. ("Defendant" or "Torres") is a Pennsylvania debt collector with a primary place of business in Carlisle, PA as captioned.

8. Torres is a corporation, and at all relevant times was, a "person" as defined by 47 U.S.C. § 153(39).

9. Torres is a "debt collector" as that term is contemplated in the FDCPA, 15 U.S.C. § 1692a(6).

## IV. STATEMENT OF CLAIM

10. Plaintiff Joseph Calvo has a cellular telephone number (ending in 9182).

11. At all relevant times, this phone number was assigned to a cellular telephone service for which Plaintiff paid a charge.

12. Beginning on or about April 22, 2013, and continuing to the present, Torres began placing calls to Plaintiff's cellular telephone number in the attempt to collect an old PECO utility bill.

13. The alleged PECO bill was incurred for personal, family or household use.

14. During a call on April 22, 2013 at 4:50 p.m., Plaintiff told Torres not to call him again on his cell phone number.

15. Despite Mr. Calvo's instructions, Torres continued to call his cellular phone, placing numerous annoying calls.

16. All calls made to Joseph Calvo after April 22, 2013 were made without his prior express consent.

17. When answered, there would be a long pause or silence on the line, consistent with an automated telephone dialing system.

18. It is believed, and therefore averred, that the calls made by Torres to Plaintiff's cell phone were made using either an automatic telephone dialing system, as that term is defined in 47 U.S.C. § 227(a)(1), or an artificial or prerecorded voice.

19. These telephone calls were not made for "emergency purposes," as defined by the Federal Communication Commission in 47 C.F.R. § 64.1200.

20. Defendant willfully placed these auto-dialed calls to Plaintiff's cell phone without Plaintiff's consent.

21. Torres' repeated autodialed calls after being told to stop were intentionally made in the effort to harass or abuse Plaintiff in violation of the FDCPA. 15 U.S.C. §1692d, d(5).

22. Torres used false, deceptive or misleading means in collecting the alleged debt, including taking an action it could not legally take. 15 U.S.C. §1692e, e(5).

**COUNT I – TORRES' VIOLATIONS OF THE TCPA**

23. Plaintiff repeats the allegations contained above as if the same were here set forth at length.

24. Defendant has violated the TCPA, 47 U.S.C. § 227 et seq. and its implementing Regulation at 47 C.F.R. § 64.1200 *et seq* by making any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice to any telephone number assigned to a cellular telephone service. 47 U.S.C. § 227(b)(1)(A)(iii).

25. The telephone calls complained of herein were not placed for an "emergency purpose" and any implied "prior express consent" was revoked.

26. Plaintiff is entitled, under the TCPA, to statutory damages of not less than $500.00 nor more than $1,500.00 for each autodialed or artificial/pre-recorded telephone call to his cellular phone.

**WHEREFORE**, Plaintiff Joseph Calvo respectfully requests that judgment be entered against Defendant Torres Credit Services, Inc. for the following:

(a) Statutory damages for each call, pursuant to the TCPA;

(b) Such other and further relief as the Court shall deem just and proper.

**COUNT II – TORRES' VIOLATIONS OF THE FDCPA**

27. Plaintiff repeats the allegations contained above as if the same were here set forth at length.

28. The acts by Defendant described above violate the Fair Debt Collection Practices Act, in the following ways:

(a) By engaging in conduct the natural consequence of which is to harass, oppress or abuse any person in the collection of a debt, in violation of 15 U.S.C. §1692d; and

(b) By using any false, deceptive or misleading representation or means in connection with the collection of any debt, in violation of 15 U.S.C. §1692e.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against Defendant Torres Credit Services, Inc. for the following:

(a) Damages;

(b) Attorney's fees and costs;

(c) Such other and further relief as the Court shall deem just and proper.

## V. DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury as to all issues so triable.

Respectfully submitted:

Date: 8/28/13

CARY L. FLITTER
THEODORE E. LORENZ
ANDREW M. MILZ

**FLITTER LORENZ, P.C.**
450 N. Narberth Avenue, Suite 101
Narberth, PA 19072
(610) 822-0782

**Attorneys for Plaintiff**